UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

SANTIAGO VALDEZ,                )
                                )
         Plaintiff,             )
v.                              )   No. 1:12-cv-1259-SEB-DKL
                                )
MICHAEL SCROGGINS, et al.,      )
                                )
         Defendants.            )

**Entry Discussing Post-Judgment Motion for Relief**

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e) or a motion seeking relief from the judgment pursuant to Fed.R.Civ.P. 60(b)." *Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir. 1991). "[W]hether a motion filed within [28] days of the entry of judgment should be analyzed under Rule 59(e) or Rule 60(b) depends on the *substance* of the motion, not on the timing or label affixed to it." *Obriecht v. Raemisch,* 517 F.3d 489, 493 (7th Cir. 2008) (emphasis in original) (citing *Borrero v. City of Chicago,* 456 F.3d 698, 701–02 (7th Cir. 2006) (clarifying that "the former approach-that, no matter what their substance, all post-judgment motions filed within [28] days of judgment would be construed as Rule 59(e) motions no longer applies")).

Given the timing of the post-judgment request just referenced relative to the entry of final judgment, and given the argument set forth in such request, the request seeks relief within the scope of Rule 59(e) and is thus treated as such a motion.

Rule 59(e) allows a party to move the court for reconsideration of a judgment within 28 days following the entry of the judgment. *Osterneck v. Ernst & Whinney,* 489 U.S. 169, 174 (1989), explains that Rule 59(e) encompasses reconsideration of matters decided on the merits and should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.,* 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.,* 561 F.Supp. 656 (N.D.Ill. 1982), *aff'd* 736 F.2d 388 (7th Cir. 1984)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metropolitan Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan,* 987 F.Supp. 1063, 1069 (N.D.Ill. 1997)). Apart from manifest errors of law, "reconsideration is not for rehashing previously rejected arguments." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.,* 90 F.3d 1264, 1270 (7th Cir. 1996).

The plaintiff does not offer newly discovered evidence. There was in this case no manifest error of law or fact. The court did not misapprehend the plaintiff's claims or the nature of his challenge, nor did the court misapply the law to those claims. Accordingly, the post-judgment motion to reconsider, etc., treated as a motion to alter or amend judgment [Dkt 119], is **denied.**

IT IS SO ORDERED.

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Date: __08/19/2013__

Distribution:

Santiago Valdez
12262
Delaware County Jail
Inmate Mail/Parcels
100 West Washington Street
Muncie, IN 47305