UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SANTIAGO VALDEZ, | ) |
| Plaintiff, | ) ) |
| v. | ) No. 1:12-cv-1259-SEB-DKL |
| MICHAEL SCROGGINS, et al., | ) ) ) |
| Defendants. | ) ) |

**E N T R Y**

**I.**

A copy of the docket sheet, a copy of the ruling issued on August 19, 2013, and a copy of the emergency motion filed on September 24, 2013, shall be included with the plaintiff's copy of this Entry.

**II.**

Final judgment was entered on the clerk's docket on August 5, 2013. The emergency motion referenced in Part I of this Entry was signed by the plaintiff on September 22, 2013, and is considered as having been filed on that date. The date of filing was more than 28 calendar days after the entry of judgment on the clerk's docket.

Because of its timing, the motion for emergency relief is necessarily treated as a motion for relief from judgment pursuant to Rule 60(b) of the *Federal Rules of Civil Procedure. Malone v. Hanks*, 2013 WL 1909480 (S.D.Ind. May 8, 2013)(citing *Hope v. United States,* 43 F.3d 1140, 1143 (7th Cir. 1994), and *United States v. Deutsch,* 981 F.2d 299, 301 (7th Cir. 1992)).

"A Rule 60(b) motion permits relief from judgment when it is based on one of six specific grounds listed in the rule." *Talano v. Northwestern Medical Faculty Foundation, Inc.*, 273 F.3d 757, 762 (7th Cir.2001). Rule 60(b) provides, in pertinent part:

> The Court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

In order for a Rule 60(b) movant to obtain the relief requested, he must show that he had both grounds for relief, *Fed.R.Civ.P.* 60(b)(1)-(5), and a meritorious claim or defense. *Breuer Electric Mfg. Co. v. Toronado Systems of America, Inc.,* 687 F.2d 182, 185 (7th Cir. 1982). The plaintiff in this case has shown neither. At most, he disagrees with the dismissal of this case as a misapplication of the standard associated with 28 U.S.C. § 1915(g). That is an argument of legal error. Such errors are outside the scope of relief available under Rule 60(b). *See Marques v. FRB,* 286 F.3d 1014, 1018-19 (7th Cir. 2002) ("A legal error is not one of the specified grounds for [a 60(b) motion]. In fact, it is a forbidden ground."); *McKnight v. United States Steel Corp.*, 726 F.2d 333, 338 (7th Cir. 1984) ("The appropriate way to seek review of alleged legal errors is by timely appeal; a 60(b) motion is not a substitute for appeal or a means to enlarge indirectly the time for appeal.").

### III.

Accordingly, the emergency motion for relief, treated as a Rule 60(b) motion for relief from judgment, [dkt 121] is **denied.**

IT IS SO ORDERED.

Date: 09/30/2013

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Santiago Valdez
12262
Delaware County Jail
Inmate Mail/Parcels
100 West Washington Street
Muncie, IN 47305